SO ORDERED.

Dated: May 11, 2018



Ronald J. Ellett (Bar No. 012697)
Helen K. Santilli (Bar No. 032441)
ELLETT LAW OFFICES, P.C.
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510
Facsimile: (602) 235-9098

Madeleine C. Wanslee, Bankruptcy Judge

Attorney for **Debtor**

# In the United States Bankruptcy Court

## For the District of Arizona

| | |
|---|---|
| In re: | In Proceedings Under Ch. 13 |
| VIA LYNNE TYE, | No. 2:17-bk-09514-MCW |
| Debtor. | STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN |

The Debtor's Second Amended Chapter 13 Plan (the "Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved. The Court finds that the Plan meets the requirements of 11 U.S.C. §1325.

**IT IS ORDERED** that the Debtor's Second Amended Plan is confirmed with the following provisions:

(A) **INCOME SUBMITTED TO THE PLAN.**

(1.) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

**$590.00** each month for months **1 to 3.**

**$470.00** each month for months **4 to 60.**

The payments are due on or before the **14th** day of each month commencing **September 14, 2017.** Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed complete.

The Debtor shall provide to the Trustee copies of their federal and state income tax returns for post-petition years 2017-2021 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

**(B) DURATION.**

This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph(A)(1) above. The applicable commitment period under section 1325 (b)(4) is **36** months. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. Unless the Court Order's otherwise, in no event will the term of the Plan be reduced to less than ~~60~~ 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

**(C) CLASSIFICATION AND TREATMENT OF CLAIMS.**

Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative Expenses</u>:

    (a)    **Attorney's Fees.** A separate fee application(s) will be filed.

(2) <u>Claims Secured by Real Property:</u>

    (a)    None.

2

Case 2:17-bk-09514-MCW    Doc 47    Filed 05/11/18    Entered 05/14/18 07:05:08    Desc
Main Document    Page 2 of 5

(3) <u>Claims Secured by Personal Property:</u> (Property to be retained by Debtor.)

    (a)    Nevada West Financial, secured by the debtor's 2014 Buick Verano, shall be paid $14,480.28 with 5.5% interest and adequate protection payments of $106.27.

(4) <u>Unsecured Priority Claims</u>:

    (a)    The Arizona Department of Revenue shall be paid $374.29 with 0% interest as and for its priority tax claim.

(5) <u>Surrendered Property:</u>

Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property:

None.

(6) <u>Other Provisions</u>:

    (a)    The Debtors certify that their domestic support obligations, if any, are current and that their tax filings are current up through and including tax year 2016 for both Federal and State taxes.

    (b)    *Leases and Unexpired Executory Contracts.* Pursuant to 11 U.S.C. § 1322(b), the Debtor assumes the following lease or unexpired executory contact.

| <u>Creditor & Property Description</u> | <u>Estimated Arrearage Amount</u> | <u>Arrearage Through Date</u> |
|---|---|---|
| Canyon Springs Rental<br>14020 North Black Canyon Highway<br>Phoenix, AZ 85053 | N/A | N/A |

3

(7) <u>Unsecured Non-priority Claims:</u>

Any claims not specifically named in this Order are deemed to be unsecured, non-priority claims. All such claims that are allowed will be paid the balance of payments under the Plan, pro rata.

The Plan and Order do not constitute a formal or informal Proof of Claim for any creditor. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

### (D) EFFECTIVE DATE AND VESTING

The effective date of the Plan shall be the date of the Order confirming the Plan. Property of the estate shall vest in the debtor upon confirmation. The Debtor may use the property in any manner or may sell the property without further Order of the Court. Notwithstanding the foregoing the Trustee retains any rights to assert a claim to additional property of the estate pursuant to 11 U.S.C. 1306.

4

DATED AND SIGNED ABOVE.

United States Bankruptcy Judge

Stipulated and Approved by:

*/s/ Ronald J. Ellett*
Ronald J. Ellett, Esq.
Attorney for Debtor

*/s/ Russell Brown*
Russell Brown, Trustee

*/s/*
Debtor

ELLETT LAW OFFICES, P.C.
2999 North 44th Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

5